**\*E-Filed 03/31/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELIAZAR GONZALEZ, et al., | No. C 10-00805 RS |
| Plaintiffs, | **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |
| v. | |
| ALLIANCE BANCORP, et al., | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiffs Aliazar and Silvia Gonzalez filed their Complaint on February 25, 2010 alleging, among others, violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. The plaintiffs now move ex parte for a temporary restraining order ("TRO") enjoining defendants Alliance Bancorp, IndyMac Bank, OneWest Bank, Merscorp, Inc., Mortgage Electronic Registration Systems, Inc., and Regional Service Corporation from proceeding with a foreclosure sale of plaintiffs' property located at 132/134 North 14th Street, San Jose, California, 95112. Plaintiffs represent that the foreclosure sale is scheduled to take place on April 1, 2010 at 11:00 a.m.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 65(b), the court may issue a temporary restraining order if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The movant's attorney must certify in writing "any efforts made to give notice." Fed. R. Civ. P. 65(b)(1)(B).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 376 (2008); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter* 129 S. Ct. at 374).

III.   ANALYSIS

Under *Winter*, the first required element is the demonstration of a strong likelihood of success on the merits. 129 S. Ct. at 374. In this analysis, the allegations of the complaint are taken as true. *Hughes v. Wells Fargo Bank, N.A.*, 2009 WL 5174987 at *1 (D. Ariz. Dec. 18, 2009); *El-Shaddai v. Woodford*, 2006 WL 3087091, at *1 (E.D. Cal. Oct. 30, 2006). Plaintiffs contend that in January of 2007 when the parties signed the relevant loan documents, defendants failed to provide two copies of the statutory form indicating plaintiffs' right to rescind as required by federal Regulation Z, 12 C.F.R. § 226.23(b)-(c). Accordingly, they contend they are entitled to rescind the mortgage under TILA, 15 U.S.C. § 1635.

As this disclosure failure arguably violates the Act, plaintiffs have satisfactorily shown for purposes of injunctive relief a likelihood of success on the merits. Plaintiffs' attorney has certified that he faxed written notice and telephoned defendants to inform them of plaintiffs' motion.

The second element in the analysis is the likelihood that the Gonzalez family will suffer irreparable harm in the absence of a TRO.  It is beyond cavil that this element is present; the real property at issue in the foreclosure is plaintiffs' principal residence.

The third element is whether the balance of equities tips in plaintiffs' favor.  Again, this question is easily answered.  Taking as true the Complaint's allegations concerning defendants' failure to disclose loan documents properly, equitable concerns dictate that foreclosure proceedings should be halted while the concerns raised by the Complaint are addressed in court.

The final consideration is whether a TRO is in the public interest.  Given the current widespread financial crisis, skyrocketing unemployment, and the attendant plummet in home values, the public interest favors keeping them in their home while the instant lawsuit proceeds, at least for the 14-day TRO period.

No security bond shall be imposed.  Although the literal language of Federal Rule of Civil Procedure 65(c) suggests that a restraining order will not be issued without a security bond, a district court has broad discretion in setting the amount of a bond. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003).  Moreover, "[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassidy*, 320 F.3d 906, 919 (9th Cir. 2003).  Here, defendants face no realistic likelihood of harm from temporary restraint of the foreclosure proceedings.  If the defendants' position that the loans are valid is correct, then the loans are adequately secured by the very property in question. *Phleger v. Countrywide Home Loans, Inc.*, 2007 WL 4105672 at *6 (N.D. Cal. Nov. 16, 2007).  A bond is therefore not necessary in this case.

IV.   CONCLUSION

Because plaintiffs have demonstrated that they will likely suffer immediate irreparable injury as a result of the foreclosure sale, the court GRANTS plaintiffs' motion and hereby ORDERS as follows:

1. Defendants and their agents, servants, employees and representatives, and all persons acting in concert or participating with them, are ENJOINED from selling, transferring,

conveying, evicting or engaging in any other conduct adverse to plaintiffs regarding the real property located at 132/134 North 14th Street, San Jose, California;

2. This order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this order by personal service or otherwise.

3. Defendants are ORDERED to SHOW CAUSE why they and their agents, servants, employees, representatives and all persons acting in concert or participating with them should not be enjoined or restrained during the pendency of this action from engaging in, committing or performing, directly or indirectly, the selling, transferring, conveying or engaging in any other conduct adverse to plaintiffs regarding the real property located at 132/134 North 14th Street, San Jose, California.

4. Defendants may file a written response to this order to show cause on or before **April 12, 2009 at 3:00 p.m.** The court will hear the matter on **April 14, 2010 at 1:30 p.m.** in Courtroom 3 on the 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.

5. Absent further action from the Court, this TRO will expire on the date of the show cause hearing.

IT IS SO ORDERED.

Dated: 03/31/2010
Time: 10:00 a.m.

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE